**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 21 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

vs.

BRADLEY GROVER,

    Defendant - Appellant.

No. 96-1329

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 88-CR-61-D)

---

Richard J. Troberman, Seattle, Washington (Jeralyn E. Merritt, Denver, Colorado, with him on the brief), for Defendant - Appellant.

Charlotte J. Mapes, Assistant United States Attorney, Denver, Colorado (Henry L. Solano, United States Attorney, with her on the brief), for Plaintiff - Appellee.

---

Before EBEL, KELLY, and LUCERO, Circuit Judges.

---

KELLY, Circuit Judge.

---

Defendant Bradley Grover appeals from the denial of his Motion for Return

of Property pursuant to Fed. R. Crim. P. 41(e). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Background

After a federal grand jury indictment in March 1988, charging him with a variety of drug-related crimes, Mr. Grover pled guilty to engaging in a continuing criminal enterprise, 21 U.S.C. § 848, and signing a tax return that was false as to a material matter, 26 U.S.C. § 7206(1). On the same day he entered into the plea agreement, Mr. Grover and the government executed a separate document entitled "Forfeiture Agreement." Mr. Grover agreed to sell his residence in Aspen, Colorado, and turn over a portion of the proceeds to the government. In return, the government agreed not to seek forfeiture of other property, including a residence in Honolulu, Hawaii, and a business known as Lounge Lizards, Inc. Also that same day, Mr. Grover and the government executed an "Addendum to the Forfeiture Agreement," in which Mr. Grover agreed to surrender the proceeds of his property sale to the government "for the purpose of bringing a civil narcotics forfeiture action against those proceeds" under 21 U.S.C. § 881, and not to contest the forfeiture.

Mr. Grover was sentenced to thirty years in prison on the continuing criminal enterprise charge, with a concurrent five year sentence for the tax

violation. He was allowed to market and sell the Aspen property, and to keep nearly half of the proceeds to pay his attorneys and provide for his wife. Just over a year after he was sentenced, Mr. Grover's counsel sent the government a certified check in the amount of $286,028.31 from the sale of the property. That same day, Mr. Grover's counsel and a government representative executed a document entitled "Satisfaction of Forfeiture Agreement."

The government never initiated a civil forfeiture against those proceeds, however, and on January 16, 1996, Mr. Grover filed a Rule 41(e) Motion for Return of Property, arguing that because the five-year statute of limitations on the civil forfeiture had run, the government was no longer entitled to keep the money. The district court denied the motion, holding that Rule 41(e) did not contemplate or encompass the return of property under these facts, and that even if it did, the equities in the case favored the government. Mr. Grover now appeals.

Discussion

Rule 41(e) provides: "A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property." A Rule 41(e) motion is governed by equitable principles, Floyd v. United States, 860 F.2d

999, 1002-03 (10th Cir. 1988), and we review the district court's exercise of its equitable jurisdiction and its denial of the motion for an abuse of discretion. United States v. Deninno, 103 F.3d 82, 84 (10th Cir. 1996); Frazee v. I.R.S., 947 F.2d 448, 449 (10th Cir. 1991).

Mr. Grover argues that he only surrendered possession of the property, and not ownership, and that it was the government's obligation to complete the transfer of ownership by instituting a civil forfeiture. Because the limitations period has run, Mr. Grover contends that the government may no longer institute a civil forfeiture, and therefore, legal ownership of the property was never transferred to the government. We agree with Mr. Grover that "nothing vests in the government until some legal step shall be taken," United States v. A Parcel of Land, 507 U.S. 111, 125 (1993) (quoting United States v. Grundy, 7 U.S. (3 Cranch) 337, 350-51 (1806)), and that until the government obtains a judgment of forfeiture, someone else owns the property and may assert defenses unless waived. A Parcel of Land, 507 U.S. at 127. We also agree with Mr. Grover that in this case no forfeiture has yet taken place. This does not, however, translate into success for Mr. Grover on the merits of his Rule 41(e) motion.

Rule 41(e) requires that Mr. Grover show he is "entitled to lawful possession of the property." Whatever the weakness of the government's legal entitlement to the property, that alone does not establish Mr. Grover's entitlement

to possession. By the terms of the Forfeiture Agreement, under which he has already received the full benefit of his bargain, Mr. Grover relinquished any possessory claim he had to the property. That the agreement still required the government to act in order to secure legal title does not change this fact.

In addition, the equities in this case weigh in favor of the government's continued possession of the property. In the Forfeiture Agreement, Mr. Grover agreed not to contest the forfeiture. Thus, he agreed not to contest the government's efforts to complete the transfer of legal title to the property, and, necessarily, not to contest the government's possession of the property. In return, he bargained for and received the government's promise not to seek forfeiture of other pieces of property which were potentially forfeitable, as well as the right to market the house and conduct the sale himself, and to keep a portion of the proceeds. Now, in violation of the terms of his agreement, Mr. Grover is contesting the government's right to continued possession of the property.

Mr. Grover asserts the statute of limitations as a grounds for returning the property. The statute of limitations, however, is an affirmative defense—which by definition means the asserter of the defense is contesting the action against him. His Rule 41(e) motion seeks equitable relief, but "he who seeks equity must come into the court with clean hands." Hocker v. New Hampshire Ins. Co., 922 F.2d 1476, 1486 (10th Cir. 1991) (quotation omitted). Mr. Grover is asking the

court to ignore his own breach of the agreement, while at the same time asking the court to treat the government's admitted mistake as if it nullifies any obligations he had under the agreement.  To do so would unjustly enrich Mr. Grover at the government's expense—he would receive all the benefits of his bargain as well as the money he agreed to transfer to the government in return for those benefits.  Equity cannot be so used.

AFFIRMED.