In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-1536

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JIMMY L. NAVE, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP 00-0084-CR-01-T/F—**John D. Tinder**, *Judge.*

ARGUED APRIL 8, 2002—DECIDED SEPTEMBER 4, 2002

Before BAUER, EASTERBROOK, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Jimmy Nave pleaded guilty to transporting stolen property across state lines after he was arrested with money stolen from a credit union. He was charged with the robbery and entered into a plea agreement. His appeal challenges the plea agreement, but since we find that the agreement's appeal waiver provision is valid, we dismiss his appeal.

Jimmy Nave was pulled over in Nashville, Tennessee for traffic violations on January 25, 2000. During a search of his car, a bag was found in the trunk containing approximately $58,930 in U.S. currency, some of which was

bound in straps from the Lampco Federal Credit Union in Anderson, Indiana. Under the bag was a loaded 9 millimeter pistol. Nave had $5,404 and a receipt for the purchase of the car for $6,825 in cash on his person. In addition, $41,850 in cash was found on one of his two passengers.

When asked, Nave denied having anything to do with the Lampco FCU, which was robbed eleven days earlier by two masked men with handguns. One of his passengers, on the other hand, told police that he knew that Nave and his brother Christopher were the robbers. Christopher was arrested later and admitted to the robbery. Nave was indicted by a grand jury for knowing transportation of stolen currency, in violation of 18 U.S.C. §§ 2314 and 2. Christopher was indicted that same day with armed bank robbery and using a firearm during a crime of violence.

Represented by his current appellate counsel, Richard Loiseau, Nave pleaded guilty without a written plea agreement to interstate transportation of stolen currency. Eleven days later, Christopher pleaded guilty to robbery and firearms charges and testified before a grand jury. After hearing Christopher's testimony, the grand jury returned an indictment charging Nave with armed robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and 2, and with using, carrying, and brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.

Nave, represented by different counsel, agreed to plead guilty to the charges in the second indictment. He was sentenced to 57 months' incarceration for the armed robbery count, to be served concurrently with the 18 months he was already serving for interstate transportation of stolen currency. Consecutive to the 57 months, Nave was sentenced to 84 months' incarceration for the firearms

count, for a total of 141 months. Neither Nave nor his counsel objected to the sentence or to any of the court's findings.

On appeal, Nave alleges that the district court violated the Double Jeopardy Clause of the Fifth Amendment by imposing multiple punishments for the same offense. In addition, he claims that the district judge erred when he set Nave's sentence 30 months longer than Christopher's sentence, ostensibly for the same conduct. We find that we do not have jurisdiction to address these claims, since Nave waived his right to appeal in his plea agreement.

In Paragraph 12 of the plea agreement, Nave agreed to waive his right "to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by [18 U.S.C. § 3742]." This waiver was valid, according to the agreement, so long as Nave received a sentence of 141 months or lower. During his plea hearing, Nave was asked by the court if he understood the waiver provision of the plea agreement, to which he assented. Nave also said that he was not threatened, coerced, or induced to make the plea agreement and/or plead guilty. At the conclusion of the hearing, the court determined that Nave was intelligent enough to understand the proceedings and that the plea was voluntary. Here, the court complied with Federal Rule of Criminal Procedure 11, which governs guilty pleas, and there is nothing to suggest that either this plea agreement or Nave's earlier plea (for interstate transportation of stolen currency) are invalid.

It is well-settled that defendants can waive constitutional and statutory rights in plea agreements, *see United States v. Hare*, 269 F.3d 859 (7th Cir. 2001); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995) (collecting cases). There is nothing wrong with such

a waiver, as we said in *Hare*, since by pleading guilty, defendants "exchange jury trials for lower sentences—and there is no reason why defendants cannot do the same with rights to appeal." 269 F.3d at 861.[1] Though we are not privy to the discussions or thinking of Nave and his counsel when evaluating his plea agreement, Nave ultimately decided to waive his right to appeal in exchange for a maximum cap placed on his sentence—141 months.

In his appeal, Nave does not contest the existence of the waiver provision in the plea agreement nor the validity of the agreement itself and has done nothing to convince us why we should consider the merits of his appeal in light of the waiver provision. What he does raise is a frivolous double-jeopardy argument alleging that his prosecution for armed bank robbery was barred due to his first guilty plea to transporting stolen currency. In addition to the general waiver of his right to appeal, Nave has also ignored the Supreme Court's holding in *United States v. Broce*, 488 U.S. 563 (1989), which bars him from making a double-jeopardy argument. By pleading guilty to three counts, he has conceded to committing three separate offenses, waiving any double-jeopardy challenge. *See id.*, 488 U.S. at 570. In addition, the merits of his claim clearly fail when the principles of *Blockburger v. United States*, 284 U.S. 299 (1932), are applied.

Nave's second argument is even more frivolous, claiming that his sentence was improper solely because Chris-

---

[1] *But see United States v. Whitlow*, 287 F.3d 638, 641 (7th Cir. 2002) (D. Wood, J., concurring) ("I am also not convinced that these waivers are capable of 'buying' such great benefits for defendants who plead guilty as the majority assumes. In fact, the scope of the issues that may properly be appealed after a guilty plea is exceedingly narrow. . . .").

topher was given a less severe sentence for the same conduct, ignoring the fact that Christopher cooperated with the government investigation of the robbery. We need not discuss Nave's arguments any further because the appeal waiver provision of his plea agreement controls, and we dismiss his appeal for lack of jurisdiction.

There is, however, one additional matter that we address, unrelated to the issues raised on appeal, which is the appellate advocacy of Nave's counsel. He requested eight extensions of time in which to file his initial brief to this Court, and several times we issued orders to show cause why we should not take action for failure to prosecute his appeal. Though one of the extensions of time was to ostensibly correct typographical errors in the brief, when the brief was finally filed, it had many errors, including describing the second count of Nave's indictment as "*court* 2, under 18 U.S.C. § 924(c)(1)(A)(ii), for using, carrying and *rendering* a firearm during and in relation to a crime of *evidence*" (italics added).

As already described above, the merits of the appeal presented are barely worth discussing, and we received no substantive response, either in a reply brief or at oral argument, to the government's argument that this appeal is barred by the plea agreement's waiver provisions.

The poor quality of Nave's counsel's appearance before this court and his written submissions in this case leave us at a loss. As we have said before, "[w]e do not feel it is unreasonable to expect carefully drafted briefs clearly articulating the issues and the precise citation of relevant authority for the points in issue from professionals trained and educated in the law," *Jones v. Hamelman*, 869 F.2d 1023, 1032 (7th Cir. 1989). However, we decide in our discretion to not impose a fine, and hope that an admonishment is sufficient to persuade Nave's appellate counsel to be more diligent in the future.

For the foregoing reasons, defendant's appeal is DISMISSED.

A true Copy:

     Teste:

_____

*Clerk of the United States Court of
Appeals for the Seventh Circuit*