**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth JOHNS, Defendant–Appellant.**

**No. 02–4178.**

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 20, 2003.

Decided Aug. 20, 2003.

Amanda A. Robertson, Office of the United States Attorney, Benton, IL, for Plaintiff–Appellee.

Kenneth Johns, Federal Correctional Institution, Manchester, KY, for Defendant–Appellant.

Before BAUER, KANNE, and EVANS, Circuit Judges.

## ORDER

Kenneth Johns pleaded guilty to conspiracy to distribute and possess crack for distribution, 21 U.S.C. §§ 846, 841(a)(1), and was sentenced to 168 months' imprisonment and five years' supervised release. Johns filed a timely notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he deems the appeal frivolous. We notified Johns of his counsel's *Anders* motion, *see* Cir. R. 51(b), and he filed a response and moved for substitute counsel. Our review is limited to the potential issues discussed in counsel's facially adequate *Anders* brief and in Johns's response. *See United States v. Maeder,* 326 F.3d 892, 893 (7th Cir.2003) (per curiam); *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). We grant counsel's motion to withdraw, deny Johns's motion for another lawyer, and dismiss the appeal.

Counsel first considers whether Johns could challenge the voluntariness of his guilty plea on the basis that the district court failed to comply with Federal Rule of Criminal Procedure 11. Counsel represents that Johns has "equivocated" about whether he indeed wants his guilty plea set aside, but Johns clarifies in his Rule 51(b) response that he wants to take back his plea. Johns did not seek to withdraw his guilty plea in the district court, so we would review the plea colloquy only for plain error. *United States v. Vonn,* 535

U.S. 55, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002).

Because the district court substantially complied with Rule 11, we agree with counsel that any challenge to Johns's guilty plea would be frivolous. *See United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.2002). The court informed Johns of the nature of the charge, the possible penalties he faced (and specifically addressed how the penalties would depend on the amount of crack), the effect of supervised release, and the application of the sentencing guidelines to his case. Fed.R.Crim.P. 11(b)(1)(G)-(I), (M). The court also informed him of his right to maintain his "not guilty" plea, explained the various rights he was giving up by pleading guilty, and confirmed that an adequate factual basis existed for the plea. Fed.R.Crim.P. 11(b)(1)(B)-(F), (b)(3). Further, the court questioned Johns to ensure that he was not pressured or coerced to plead guilty, Fed.R.Crim.P. 11(b)(2), explained to him that his sworn testimony during the plea hearing could be used against him in a future perjury prosecution, Fed.R.Crim.P. 11(b)(1)(A), and explained the effect of the appellate waiver in Johns's plea agreement on his right to appeal or otherwise attack his sentence, Fed.R.Crim.P. 11(b)(1)(N).

Nonetheless, Johns explains that he wants his guilty plea set aside because he received unspecified "statements" only after pleading guilty and was never given the opportunity to listen to wiretap intercepts. We cannot tell whether Johns's complaint is that the government never provided discovery, or that his lawyer did not share all of the discovery with him personally. But either way it does not matter. Johns stipulated to a factual basis in support of his guilty plea, and as we have said before, "a guilty plea entered by a defendant who does not see the prosecution's hand in advance will still be volun-

tary if, as was true in this case, the plea follows disclosure of an adequate factual basis." *United States v. Underwood,* 174 F.3d 850, 854 (7th Cir.1999); *see United States v. Winston,* 34 F.3d 574, 578–79 (7th Cir.1994).

Counsel also considers whether Johns might challenge his prison sentence but concludes that any argument would be barred by the appellate waiver in his written plea agreement. In his Rule 51(b) response, Johns identifies what he sees as the appropriate arguments: that the drug quantity was overstated because the district court relied on unreliable information from a co-defendant, and that it was error to assess a two-level upward adjustment under U.S.S.G. § 2D1.1(b)(1) for possession of a gun.

In his plea agreement Johns "knowingly and voluntarily waive[d] the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined)." During Johns's plea colloquy, the district court verified that Johns had discussed the waiver with his attorney and had no questions about it. We will enforce an appellate waiver in a plea agreement if the terms of the waiver are unambiguous and if the defendant knowingly and voluntarily entered into the plea agreement. *See United States v. Jemison,* 237 F.3d 911, 917 (7th Cir.2001). The waiver included in Johns's plea agreement is clear–we have enforced appellate waivers couched in similar language, *id.* at 916–17; *United States v. Williams,* 184 F.3d 666, 667–68 (7th Cir.1999). And because the court substantially complied with Rule 11, we know that Johns knowingly and voluntarily entered into the plea agreement. *See United States v. Nave,* 302 F.3d 719, 720 (7th Cir.2002). Further, there is no hint that Johns was sentenced based on any impermissible constitutional

factor, and his prison sentence is well within the statutory maximum. *See United States v. Rhodes,* 330 F.3d 949, 952 (7th Cir.2003). Consequently, any challenge to Johns's prison sentence would be foreclosed by the appellate waiver and, therefore, frivolous.

Finally, Johns implies he would argue on appeal that trial counsel was ineffective because the lawyer had "several confrontations" with Johns and because counsel misguided him about the case and never presented witnesses at sentencing. Johns had two different lawyers in the district court, and it is not clear whether he complaints about one or both. Regardless, an ineffective assistance claim would necessarily depend upon matters outside the appellate record. We have stated repeatedly that a collateral proceeding, not direct appeal, is generally the appropriate forum in which to claim ineffective assistance, *see, e.g., United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002), and this case is no different. If there is any basis to assert that he received ineffective assistance in the district court, Johns is free to press the point in a motion under 28 U.S.C. § 2255. *See also Massaro v. United States,* — U.S. ——, ——, 123 S.Ct. 1690, 1694, 155 L.Ed.2d 714 (2003).

For the foregoing reasons, counsel's motion to withdraw is GRANTED. Johns's motion for substitute counsel is DENIED, and the appeal is DISMISSED.