NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 25, 2007
Decided April 25, 2007

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3672

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:04CR00018-001 |
| PAUL PARRISH, *Defendant-Appellant.* | Richard L. Young, *Judge.* |

**O R D E R**

Paul Parrish pleaded guilty to conspiracy to possess with intent to distribute powder cocaine and crack. *See* 21 U.S.C. §§ 846, 841(a)(1). The parties agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that Parrish would be sentenced to a prison term of 262 months if the district court accepted the plea agreement. Parrish also agreed that he would forgo any appeal of his conviction or sentence if the court adopted the parties' sentencing-guidelines stipulations and imposed a prison term consistent with the corresponding range. The court did

accept the plea agreement and sentenced Parrish to 262 months' imprisonment, the low end of the range resulting from the parties' stipulations.

Parrish, though, directed his attorney to file a notice of appeal despite the waiver, and counsel now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Parrish responded to counsel's motion. *See* Cir. R. 51(b). Our review is limited to the potential issues identified in counsel's facially adequate brief and Parrish's Rule 51(b) response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Parrish wants to challenge his prison sentence. He says that his attorney led him to believe that the government would not file an information to raise the minimum prison term from 10 to 20 years based on his prior drug conviction, *see* 21 U.S.C. §§ 841(b)(1), 851, even though the parties had agreed in writing that the information *would* be filed. Parrish adds that the information was not filed before he pleaded guilty, and thus should be deemed ineffective. He insists that he must be resentenced to a prison term somewhere between 10 years and life. Counsel, though, recognizes that this and any other argument would be frivolous in view of Parrish's appeal waiver. *See Sapia v. United States*, 433 F.3d 212, 217 (2d Cir. 2005) (holding that defendant can waive compliance with procedural requirements of § 851); *United States v. Mooring*, 287 F.3d 725, 728 (8th Cir. 2002) (same); *United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002) (same). That waiver is enforceable because the district court adopted the parties' sentencing stipulations and imposed a sentence within the corresponding range—indeed, the very sentence Parrish negotiated. Parrish confirmed at the plea colloquy that he discussed the waiver with his attorney and that he understood that he was giving up his right to appeal. Thus, the appeal waiver is binding and renders frivolous any potential challenge to Parrish's conviction or sentence. *See United States v. Nave*, 302 F.3d 719, 720-21 (7th Cir. 2002); *United States v. Woolley*, 123 F.3d 627, 631-33 (7th Cir. 1997).

In any event, after Parrish objected at sentencing to the late filing of the enhancement information, the district judge asked him if he still wanted to be bound by his plea agreement, and he said that he did. Parrish thus ratified his guilty plea after the § 851 information was filed, curing the procedural shortcoming. *Cf. Doe v. United States*, 51 F.3d 693, 700-01 (7th Cir. 1995) (noting that defendant who filed but then withdrew motion to withdraw guilty plea effectively ratified guilty plea with full knowledge of purported defect in original plea); *United States v. Billington*, 844 F.2d 445, 450 (7th Cir. 1988) (concluding that defendant who declined offer to reconsider guilty plea ratified initial plea, removing doubt as to voluntariness of plea). Moreover, the late-filed § 851 information did not impact

Parrish's sentence; he agreed to a sentence of 262 months both in the written agreement and at the plea colloquy, and that is exactly the sentence he received.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.