In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 07-1532

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEFFREY COLLINS,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division
No. 87-CR-105—**Larry J. McKinney**, *Chief Judge.*

---

SUBMITTED<sup>Œ</sup>AUGUST 15, 2007—DECIDED SEPTEMBER 25, 2007

---

Before COFFEY, EVANS, and SYKES, *Circuit Judges*

PER CURIAM. Five years after Jeffrey Collins's plea agreement and conviction, the government asked the district court to find him in breach of the agreement. In this appeal we review whether the district court had jurisdiction to do this, and if so, whether the district court's finding of breach was clearly erroneous. We hold that the district court had jurisdiction, and that its finding was not clearly erroneous.

---

<sup>Œ</sup> After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Collins was indicted in 1987 as a leader of a ten-year drug operation that smuggled at least 140,000 pounds of marijuana into the United States, creating millions of dollars in proceeds for Collins. He also set up a series of front corporations, which he used to perform fraudulent transactions in order to hide the source and movement of his drug money. Collins escaped from custody one month after the 1987 indictment and remained a fugitive until his arrest in 1997. In 1998, he pleaded guilty to a Continuing Criminal Enterprise, 21 U.S.C. § 848, and in 1999 he additionally pleaded guilty to money laundering, 18 U.S.C. § 1956(a)(1), and escape, 18 U.S.C. § 751(a). The district court sentenced him to a total of 23 years' imprisonment.

The plea agreement that Collins made with the government obligated him to disclose his interests in any assets that stemmed from his drug transactions, to aid the government in the recovery of those assets, to forfeit all those assets and interests to the United States, and not to contest any action initiated by the government for that purpose. In particular Collins agreed to identify and assist in the forfeiture of millions of dollars that he held through various corporate entities in accounts in the Principality of Liechtenstein. In return, the government committed to set aside a significant portion of the recovered funds in trust for Collins's wife and children. The parties also agreed that if the government believed Collins was in breach, it would ask the district court to determine whether there was a breach before taking any "unilateral" action.

As the government began to pursue these funds in Liechtenstein, it sent a letter to Collins's attorneys stating that its resources for this pursuit were limited and that Collins "was free" to use his own funds to assist in recovering the money. Collins instead retained counsel in Liechtenstein to oppose the government's recovery efforts.

He also testified in the Liechtenstein proceedings that he was never a drug dealer and that the money in that country's accounts was legally earned and not subject to forfeiture. Additionally, he unsuccessfully attempted to have the district court here prohibit the U.S. government from documenting to the Liechtenstein courts Collins's crimes and illicit sources of his money. Several years of legal proceedings ensued in Liechtenstein, culminating in the Liechtenstein court ultimately returning the money to Collins after ruling that it was not the product of illegal transactions.

In response to Collins's efforts to block the forfeiture of these funds, in 2005 the government asked the district court in Collins's criminal case to find that Collins had breached his plea agreement. The government also requested that the court issue a preliminary order of forfeiture of Collins's assets in Liechtenstein and relieve the government of its obligations under the plea agreement. After considering Collins's actions recounted above, the district court found that Collins had breached the plea agreement and awarded the government the relief it had requested. But then the court sua sponte amended its order, limiting it to a factual finding of breach alone. Collins appeals this order.

We briefly address the issue of appellate jurisdiction. The district court's order is unusual in that it found a breach but did not award relief. Nonetheless, the order affects legal relationship between the parties, and the court made clear after issuing its finding that it was finished with the case. Thus, we have appellate jurisdiction. *See United States v. Ettrick Wood Prod.*, 916 F.2d 1211, 1216 (7th Cir. 1990); *see generally Chase Manhattan Mortgage Corp. v. Moore*, 446 F.3d 725 (7th Cir. 2006) (similar circumstance in the civil context).

Collins first argues that the district court did not have jurisdiction to consider the government's motion because

the motion came five years after the entry of judgment and because the court never ordered the forfeiture of his assets at sentencing. As to timing, a court always has jurisdiction to enforce a defendant's obligations under a plea agreement unless the government too has breached, a position that Collins has not developed on appeal. *See United States v. Kelly*, 337 F.3d 897, 901 (7th Cir. 2003) (recognizing defendant's breach of plea agreement); *United States v. Sowemimo*, 335 F.3d 567, 570-72 (7th Cir. 2003) (same); *United States v. Frazier*, 213 F.3d 409, 419 (7th Cir. 2000) (same). Though courts have not explicitly stated the source of this jurisdiction, we note that it is secured by 28 U.S.C. § 1345, which provides to the federal district courts "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." The motion in this case was a proceeding initiated by the government to enforce its rights under the plea agreement. This brings its actions within the ambit of § 1345.

Contrary to Collins's arguments, it does not matter how many years have passed since the district court issued judgment because under § 1345 all that matters for purposes of jurisdiction is that the government initiated the proceeding. Likewise, Collins's argument that the district court lacked jurisdiction because it never ordered a forfeiture of his assets at sentencing is unavailing. The government need not specifically seek to enforce an order of forfeiture to satisfy the conditions for jurisdiction under § 1345; the statute covers all government-initiated proceedings.

We turn, therefore, to Collins's argument that the district court erred in finding that he was in breach of his plea agreement. Analogizing to the enforcement of civil settlement agreements, the government suggests that we review the court's finding for abuse of discretion. But because the court made only a factual finding of breach and awarded no relief, we think this factual determination,

like factual determinations in general, should be reviewed for clear error. *See*, *e.g.*, *Winkler v. Gates*, 481 F.3d 977, 882 (7th Cir. 2007). There was no clear error here. In exchange for his plea, reduced sentence, and the permitted family trust fund, Collins agreed to recover and forfeit the funds in Liechtenstein to the government. But instead he aggressively prevented the forfeiture. The only evidence Collins identifies in support of his argument that he did not breach is the letter sent from the government to his counsel. He offers this letter without any context to aid in its interpretation. Nowhere in the letter does the government tell him that he could *contest* the recovery of the funds and keep them himself without breaching his plea agreement. Consequently he has not shown that the district court's finding of breach was a clear error.

Collins's final argument is moot. He argues that the government was not permitted to seek a preliminary order of forfeiture in the district court because it had not sought such an order at sentencing. But the district court's final order did not award such relief.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*