**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 1, 2008[*]
Decided May 12, 2008

**Before**

JOHN L. COFFEY,  *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 07-3423

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 05 C 1529 |
| ALL FUNDS AND OTHER PERSONAL PROPERTY, SILVERADO FOUNDATION, et al., *Defendants*. | Larry J. McKinney, *Judge.* |

APPEAL OF: JEFFREY COLLINS

**O R D E R**

Jeffrey Collins pleaded guilty to charges of continuing criminal enterprise, *see* 21 U.S.C. § 848, money laundering, *see* 18 U.S.C. § 1956(a)(1), and escape, *see* 18 U.S.C.

---

[*]This appeal is successive to No. 07-1532 and has been submitted to the original panel under Operating Procedure 6(b).   After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

§ 751(a), and he was sentenced to 23 years' imprisonment. As part of his plea agreement, he committed to aid the forfeiture of assets that he acquired through an extensive drug importation scheme beginning in the 1980's. Significant to this appeal, he also agreed not to contest any forfeiture proceedings commenced by the government. The forfeitable assets were under his control through various corporations located in the Principality of Liechtenstein. Instead of assisting the forfeiture, however, Collins contested it for years in the courts of Liechtenstein. In response the government obtained a ruling from the district court in Collins's criminal case that Collins breached his plea agreement by contesting the forfeiture of the Liechtenstein assets. We upheld that decision. *See United States v. Collins*, 503 F.3d 616 (7th Cir. 2007).

In 2005 the government also initiated a civil forfeiture proceeding in the district court. Through that litigation, the government laid claim to funds, equivalent in amount to Collins's forfeited assets, in a bank in the United States with an interbank account belonging to the bank in Liechtenstein that held Collins's assets. *See* 18 U.S.C. § 981(k). Collins contested that claim in the civil proceeding. After the district court found that Collins breached his plea agreement, the court specifically enforced the forfeiture terms of the plea agreement by dismissing from the civil case Collins's claims to the contested assets, and it entered judgment for the government. That judgment precipitated this appeal from the civil case.[1]

We have already ruled that Collins's plea agreement was valid, that the district court had jurisdiction to enforce it, and that his attempt to contest the government's forfeiture efforts was a breach of his agreement. *See Collins*, 503 F.3d at 618-19. Collins may not relitigate those issues in this appeal. *See Tyrer v. City of South Beloit*, 516 F.3d 659, 663 (7th Cir. 2008).

Collins argues that the district court erroneously dismissed his claim to the Liechtenstein-based assets. As is the standard for reviewing equitable remedies in general, we would review for abuse of discretion the district court's decision to specifically enforce the plea agreement by dismissing Collins's claims to those assets. *See, e.g., Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006); *Chi. Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1065 (7th Cir. 2001); *Bryant v. City of Chi.*, 200 F.3d 1092, 1100 (7th Cir. 2000); *see also United States v. Bradley*, 381 F.3d 641, 648 (7th Cir. 2004) (contract principles govern breach of plea agreements); *United States v. Grimm*, 170 F.3d 760, 763-65 (7th Cir. 1999) (when government breached plea agreement, specific performance was appropriate remedy). It would appear that the district court's dismissal of Collins's claims

---

[1]Because this appeal emanates from the final order of the civil case, we have used the caption from that case.

to the forfeited assets was an appropriate remedy for his breach of the plea agreement. The district court's finding that Collins was in breach of the plea agreement by contesting the forfeiture proceedings would have no teeth if Collins could continue contesting the forfeiture.

But we need not even go this far because Collins's appeal itself is really just another attempt to contest the forfeiture of his assets, further violating his plea agreement. As we said in the earlier appeal, *see Collins*, 503 F.3d at 618-19, Collins obligated himself not to block the government's forfeiture efforts. This obligation remains binding. *See Nunez v. United States*, 495 F.3d 544, 546-47 (7th Cir. 2007) (where plea itself is valid, waiver within the plea agreement is valid); *United States v. Nave*, 302 F.3d 719, 720-21 (7th Cir. 2002) (same). His latest appeal violates his agreement to abandon such a challenge. Because Collins validly waived any challenge to the district court's ruling favoring the government's forfeiture efforts, we must dismiss Collins's appeal, as we would dismiss any appeal that violates a plea agreement. *See United States v. Blinn*, 490 F.3d 586, 588-89 (7th Cir. 2007) (dismissing appeal pursuant to waiver of challenge to district court's judgment); *Nave*, 302 F.3d at 720-21 (same).

We note that because Collins's plea agreement requires us to dismiss this appeal, we need not reach Collins's argument that the government initiated the forfeiture suit beyond the statute of limitations. The government argues that the applicable five-year statute, 19 U.S.C. § 1621, is tolled because the assets at issue were located in Liechtenstein. *See United States v. All Funds in Account Nos. 747.034/278, 747.009/278, & 747.714/278 Banco Español de Crédito, Spain*, 295 F.3d 23, 27 (D.C. Cir. 2002). But the statute under which the government seized the interbank accounts, § 981(k), states that the forfeited funds are "deemed to have been deposited into the interbank account." The parties do not address whether this latter language means that the forfeited assets are no longer legally absent. Similarly, we need not consider whether Collins's assets had to be deposited in the Liechtenstein accounts after Congress enacted § 981(k) for that statute to support the government's seizure in this case. *See United States v. Union Bank for Savings & Investment (Jordan)*, 487 F.3d 8, 15-16 (1st Cir. 2007).

DISMISSED