**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2009
Decided December 9, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-3944

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 07 CR 50039 |
| JULIAN L. WYRE, *Defendant-Appellant*. | Philip G. Reinhard, *Judge*. |

### O R D E R

Julian Wyre was charged with possession with intent to distribute crack cocaine.  *See* 21 U.S.C. § 841(a)(1).  He entered into a plea agreement in which he waived his rights to appeal the conviction, his sentence, or the district court's pretrial rulings unless they resulted from ineffective assistance of counsel or consideration of constitutionally impermissible factors.  The district court sentenced him to 204 months' imprisonment, and Wyre appealed.  His appointed counsel moves to withdraw because he cannot identify any nonfrivolous argument to pursue. *See Anders v. California*, 386 U.S. 738 (1967).  Wyre objects to counsel's motion. *See* CIR. R. 51(b).  We confine our review to the potential issues

identified in counsel's facially adequate brief and Wyre's response.  *See United States v. Cano-Rodriguez*, 552 F.3d 637, 638 (7th Cir. 2009); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Wyre has told counsel that he wants his guilty plea set aside, so counsel properly begins by evaluating whether he could challenge the voluntariness of his guilty plea or the adequacy of the plea colloquy.  *See* FED R. CRIM. P. 11; *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).  Because Wyre did not move to withdraw his guilty plea in the district court, our review would be for plain error only.  *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008).  Counsel identifies only one omission during the plea colloquy: the district court did not tell Wyre that he could present evidence at trial.  *See* FED. R. CRIM. P. 11(b)(1)(E).  But the judge did advise Wyre that if he went to trial he could subpoena witnesses and testify in his own defense, and the plea agreement further specified that, at trial, Wyre would be able to present witnesses and other evidence.  The judge's failure to say more is not plain error.  *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001).  We therefore agree with counsel that it would be frivolous to argue that the plea colloquy was deficient.

Counsel in his brief, and Wyre in his 51(b) response, also propose arguing that the plea was involuntary because Wyre's attorney was ineffective.  A challenge to the adequacy of counsel's performance, however, is best pursued on collateral review so that a more complete record can be developed.  *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Finally, counsel considers whether Wyre could challenge his sentence, and both counsel and Wyre propose arguing that the district court erred by denying Wyre's request at sentencing to substitute counsel.  Both of these arguments are foreclosed by the appeal waiver.  If the guilty plea stands, so does the waiver.  *United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007); *United States v. Nave*, 302 F.3d 719, 721 (7th Cir. 2002).  Thus, any challenge to Wyre's sentence or the district court's refusal to substitute counsel would also be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.