NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 10, 2009
Decided December 11, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-3842

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 07 CR 27-1 |
| DEREK A. GILNA, | |
| *Defendant-Appellant*. | Virginia M. Kendall, *Judge*. |

**O R D E R**

Derek Gilna pleaded guilty to bank fraud, 18 U.S.C. § 1344, and was sentenced to 78 months' imprisonment. After Gilna filed a notice of appeal, the government moved to dismiss based on Gilna's promise in his plea agreement to forgo any appeal of his conviction or sentence. Gilna responded to the government's motion by asserting that his severe depression and alcoholism rendered his appeal waiver involuntary. At the same time, however, Gilna has said explicitly that he "does not seek to overturn his plea of guilty," and so we will not inquire into the adequacy of the plea colloquy or the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). And since the appeal waiver in the plea agreement stands or falls with the guilty plea, the waiver binds Gilna, and his appeal must be dismissed. *See United States v. Wilson*, 481 F.3d 475, 483 (7th Cir. 2007); *United States v. Nave*, 302 F.3d 719, 721 (7th Cir. 2002); *United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001).

The government's motion is GRANTED, and the appeal is DISMISSED.