NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2010
Decided November 8, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 09-3890

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 06 CR 789-1 |
| PATRICK W. HAUSLER, *Defendant-Appellant.* | Harry D. Leinenweber, *Judge.* |

**O R D E R**

Patrick Hausler was indicted for advertising, possessing, and distributing child pornography. He pleaded guilty to one count of advertising child pornography with intent to distribute, *see* 18 U.S.C. § 2251(d)(1)(A), and entered into a written plea agreement. He was sentenced to 25 years' imprisonment followed by a life term of supervised release. He filed a notice of appeal, but his appointed counsel seeks to withdraw as he states he was unable to identify any nonfrivolous grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We confine our review to the potential issues identified in counsel's facially adequate brief and Hausler's response. *See* CIR. R. 51(b); *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because the defendant has advised his lawyer that he wants to withdraw his guilty plea, counsel initially addressed whether there is any basis to challenge the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002). His attorney points out that the district court failed to advise the appellant about his right to counsel, about the possibility of restitution, and about the elements of the charge to which he was pleading. The sentencing judge also failed to inquire whether Hausler's plea was prompted by any threats or promises. We review the trial judge's failures, set forth above, for plain error because defendant failed to seek to withdraw his plea in the trial court. *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2007). We first address the sentencing judge's failure to advise Hausler of his right to be represented by appointed counsel. *See* FED. R. CRIM. P. 11(b)(1)(D). At the time he entered his plea of guilty the appellant was represented by appointed counsel, so he would have known of this right, and thus the omission was inconsequential. *See United States v. Lovett*, 844 F.2d 487, 492 (7th Cir. 1988). Defense counsel also stated that the district judge failed to warn Hausler about a possible restitution order. *See* FED. R. CRIM. P. 11(b)(1)(K). Because the trial court did not order restitution, this omission was immaterial. *See United States v. Hayden*, No. 09-2954 (7th Cir. Aug. 3, 2010) (holding that a district court's failure to warn a defendant of the possibility of restitution is harmless error when no restitution is ordered). Next, the sentencing court failed to inquire of the defendant whether his plea was prompted by any threats or promises. *See id.* 11(b)(2). Defense counsel properly concluded that this is immaterial since the signed plea agreement recited that "no threats, promises, or representations" were made to induce Hausler to enter a plea of guilty. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001). Last, appellant's attorney noted that the district judge failed to advise the defendant about the elements of the charge to which he was pleading guilty. *See* FED. R. CRIM. P. 11(b)(1)(G). This Court has "adopted a totality of the circumstances approach" when determining "whether the defendant fully understands the nature of the charge to which he is admitting guilt." *United States v. Fernandez*, 205 F.3d 1020, 1025 (7th Cir. 2000). The record clearly establishes that the appellant understood the charges against him. Not only did Hausler admit to the facts supporting his conviction but he also confirmed in his written plea agreement that his lawyer explained the elements of the crime charged and that he "fully [understood] the nature and elements of the crime."

Appointed counsel next examined whether the appellant is able to challenge his sentence. Initially, the defendant's attorney considered whether Hausler's sentence exceeded the statutory maximum and thus violated the law. Because the terms of imprisonment and supervised release were within the statutory limits, *see* 18 U.S.C. §§ 2251(d)(1)(A), (e), 3583(k), there is no potential argument to challenge the legality of the sentence. Thus, appellant's lawyer turned to possible errors in the guidelines calculations.

Counsel considered the question of whether the trial court committed error when it failed to give the defendant credit for acceptance of responsibility. The sentencing judge

concluded that even though Hausler had timely entered his plea, he did not deserve the reduction because, while out on bond pending sentencing, he set up another computer and again advertised and distributed child pornography over the Internet, until a government agent discovered the defendant's illegal computer use. We are of the opinion that the appellant's conduct certainly gives ample support to the trial court's conclusion that the defendant engaged in a continuous pattern of criminal activity, which is inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1, cmt. n.1(b); *United States v. Sellers*, 595 F.3d 791, 793 (7th Cir. 2010); *United States v. McDonald*, 22 F.3d 139, 141 (7th Cir. 1994). Furthermore, Hausler's attorney considered whether the sentencing judge's conclusion that the defendant had engaged in a pattern of criminal activity was based on clearly erroneous facts. The government called two witnesses at the sentencing hearing who discussed appellant's access to computers after he was released on bond, one of whom testified that he retrieved child pornography from Hausler's computer during that time. Defendant neither objected to nor disputed this testimony, and we know of no basis to question the district court's acceptance of the testimony as credible. *United States v. Clark*, 538 F.3d 803, 812-13 (7th Cir. 2008). Accordingly, any argument that the trial judge relied on clearly erroneous facts would be frivolous.

Appointed counsel also considered whether the sentencing court treated the guidelines as mandatory or presumptively reasonable. *See Nelson v. United States*, 129 S.Ct. 890, 892 (2009); *United States v. Mansoori*, 480 F.3d 514, 521 (7th Cir. 2007). But appellant's lawyer properly concluded that there is no evidence in the record that the district judge committed either of these errors and any argument to the contrary would be frivolous.

Hausler's attorney next considered whether the trial court properly reviewed the sentencing factors under 18 U.S.C. § 3553(a). A judge "need not address each § 3553(a) factor in checklist fashion, . . . rather, the court must simply give an adequate statement of reasons, consistent with § 3553(a) for believing the sentence it selects is appropriate." *United States v. Panaigua-Verdugo*, 537 F.3d 722, 728 (7th Cir. 2008). Here the sentencing judge explicitly considered the defendant's history and characteristics, the need for specific and general deterrence, the seriousness of the offense, and the advisory guidelines range of 292 to 365 months when it sentenced him to 300 months imprisonment. We consider this adequate.

Appellant's lawyer considered whether the trial judge adequately explained the sentence in light of Hausler's arguments about mitigating circumstances. Here the district court explicitly considered defense counsel's argument in support of mitigation at the sentencing hearing—that defendant's addiction to child pornography could be treated. This argument did not persuade the court. Additionally, we hold that the sentencing judge was not required to address the arguments in mitigation that the appellant himself made in a pro se filing, such as the assertions that he is seeking treatment, had a stable employment

history, and contributed to the community. These are banal arguments, common to many defendants. *See United States v. Mendoza*, 576 F.3d 711, 721-22 (7th Cir. 2009). Additionally, we hold that the trial court was not required to address Hausler's legal argument, also made in his pro se filing, that sentencing him for violation of 18 U.S.C. § 2251(d)(1)(A) contravenes the equal protection clause. He argued that a different statute prohibits similar conduct but has a lower mandatory minimum sentence. But it is commonplace for prosecutors to choose to enforce the more punitive laws. *See United States v. Malik*, 385 F.3d 758, 760 (7th Cir. 2004) ("When the same acts violate multiple laws the prosecutor is free to choose the one with the highest sentence."). Accordingly, it would be frivolous to argue that the trial court failed to adequately explain the sentence.

Appointed counsel also considered whether the defendant's sentence was unreasonable and thereafter concluded that the terms of imprisonment and supervised release are within the guidelines range. Thus, the sentence is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007), *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), *United States v. Shannon*, 518 F.3d 494, 496-97 (7th Cir. 2008). We agree with defense counsel that there is nothing in the record to rebut this presumption. Thus, it would be frivolous to argue that the length of his sentence was unreasonable.

Appellant's attorney next examined whether Hausler could contest the district judge's order requiring him to forfeit the confiscated hard drive. The plea agreement provided that the defendant agreed to forfeit the confiscated hard drives. Thus, a challenge to the forfeiture order would breach the plea agreement. *See United States v. All Funds and Other Personal Property*, 277 Fed. App'x 607, 609 (7th Cir. 2008); *United States v. Blinn*, 490 F.3d 586, 588-89 (7th Cir. 2007). Additionally, since the appellant abandoned his interest in the hard drive when he entered the plea agreement he would have no standing to contest the forfeiture. *See United States v. Collins*, 503 F.3d 616, 618-19 (7th Cir. 2007); *United States v. Le*, 173 F.3d 1258, 1277-78 (10th Cir. 1999); *United States v. Grover*, 119 F.3d 850, 852 (10th Cir. 1997). Thus, it would be frivolous to challenge the forfeiture order.

Last, Hausler states in his response to counsel's brief that he seeks to revise some of the terms of his supervised release. But we agree with counsel that the proper course to modify terms of supervised release is through a motion with the district court, not an appeal. *See* 18 U.S.C. § 3583(e)(2); Fed. R. Crim. P. 32.1(c); *United States v. Silvious*, 512 F.3d 364, 370-71 (7th Cir. 2008).

The motion to withdraw is GRANTED and the appeal is DISMISSED.