# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-3497

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARTIN C. MYERS,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Central District of Illinois.
No. 02 CR 40057—**Michael M. Mihm**, *Judge.*

———————

ARGUED MAY 22, 2003—DECIDED JANUARY 22, 2004

———————

Before BAUER, KANNE, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Martin C. Myers was indicted on four counts relating to child pornography. He pled guilty to two counts, including receiving in interstate commerce images of children engaged in sexually explicit conduct, consisting of three videotapes, in violation of 18 U.S.C. § 2252(a)(2), and possession of three or more images of children engaged in sexually explicit conduct in the form of video-cassette tapes and computer-generated image files which had been transported in interstate commerce, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced him to 42 months incarceration, and he appeals that sentence on two grounds.

First, Myers argues that the district court erred in calculating his base level as seventeen pursuant to U.S.S.G. § 2G2.2 which is the provision for receipt of child pornography, rather than a base level of fifteen pursuant to U.S.S.G. § 2G2.4 which applies to possession of child pornography. Although he pled guilty to receipt of child pornography, he contends that the specification of a higher offense level for the offense of receipt of child pornography than for the possession of child pornography is irrational, and therefore violative of the due process and equal protection guarantees of the Constitution. Second, Myers challenges the imposition of a four-level enhancement under U.S.S.G. § 2G2.2(b)(3) based on the court's determination that the offense involved material portraying sadistic or masochistic conduct, or other depictions of violence.

## I.

Count I to which Myers pled guilty, 18 U.S.C. § 2252(a)(2), proscribes the knowing receipt of child pornography that has traveled in interstate commerce. Count III, in contrast, criminalizes the knowing possession of such child pornography. 18 U.S.C. § 2252(a)(4)(B). Because Myers pled guilty to both receipt and possession of child pornography, the court applied the stricter Sentencing Guideline provision for receiving child pornography, U.S.S.G. § 2G2.2, rather than the provision for possessing such material, U.S.S.G. § 2G2.4, with the result that his base offense level was 17 rather than 15. Myers essentially argues that the distinction between receipt and possession of child pornography is meaningless, because anyone in possession of child pornography must have received it at some point in time, and therefore he contends that it is irrational to impose a higher sentence for the receipt than for mere possession. Myers' argument is without merit.

The Supreme Court has held that the prohibition on receipt of child pornography in § 2252(a)(2) includes a scienter requirement, and therefore encompasses only situations in which the defendant knows that the material he is receiving depicts minors engaged in sexually explicit conduct. *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994). Accordingly, a person who seeks out only adult pornography, but without his knowledge is sent a mix of adult and child pornography, will not have violated that statutory provision. That same person, however, could be in violation of the possession provision of § 2252(a) (4)(B) if he or she decides to retain that material, thereby knowingly possessing it. *See* 18 U.S.C. §§ 2252(a)(4)(B) and 2252(c) (requiring knowing possession, and including an affirmative defense where such material is promptly and in good faith destroyed or reported to law enforcement.) It is certainly not irrational to punish more severely the person who knowingly receives such material, because it is that person who is creating and/or perpetuating the market for such material. As numerous courts have recognized, increasing the punishment when the conduct involves receiving such materials, trafficking in such materials, or producing such materials, serves the purpose of the statute to end the abuse of children because those actions are more directly tied to the market for such products. *United States v. Ellison*, 113 F.3d 77, 81 (7th Cir. 1997) (distinctions in § 2252 assigning a lower base level for mere possession are intended to punish more harshly conduct that creates or strengthens the market for child pornography; "even the receipt of the prohibited materials for personal use, without more, keeps producers and distributors of this filth in business."); *United States v. Grosenheider*, 200 F.3d 321, 332-33 (5th Cir. 2000) ("Congress established a series of distinctly separate offenses respecting child pornography, with higher sentences for offenses involving conduct more likely to be, or more directly, harmful to minors than the

mere possession offense"); *see also United States v. Sromalski*, 318 F.3d 748, 753 (7th Cir. 2003). Because possession and receipt are not the same conduct and threaten distinct harms, the imposition of different base offense levels is not irrational and therefore Myers' challenge must fail. Myers pled guilty to receiving such materials, and therefore the district court properly calculated his base offense level under § 2G2.2. *See Ellison*, 113 F.3d at 81-82.

## II.

Myer also argues that the court erred in concluding that the child pornography he pled guilty to receiving supported the four-level enhancement under U.S.S.G. § 2G2.2(b)(3) as material "that portrays sadistic or masochistic conduct or other depictions of violence." Moreover, Myers contends that imposition of that enhancement impermissibly double-counts conduct already accounted for in the base offense and in the two-level enhancement under U.S.S.G. § 2G2.2(b)(1) for the involvement of prepubescent children.

The child pornography that formed the basis for the challenged enhancement was a video entitled "Doctor's Appointment." That video depicted an adult male engaging in vaginal intercourse with a prepubescent girl. When the video was described to Myers prior to his purchase of it, the girl was identified as 8 years old, although a doctor using the Tanner Scale of Human Development estimated that the girl was actually between 5 and 6 years old. The district court held that vaginal intercourse between a prepubescent girl of such a young age with an adult male would necessarily cause pain to the girl, and therefore fell within the enhancement as conduct that was "sadistic" or "otherwise violent conduct."

As the district court noted, that holding was consistent with the holdings of other courts to consider the issue. For

instance, in *United States v. Garrett*, 190 F.3d 1220, 1224 (11th Cir. 1999), the court held that a photograph is sadistic under § 2G2.2(b)(3) when it depicts the subjection of a young child to sexual acts that would have to be painful, including vaginal or anal penetration by adult males. Similarly, the Fifth Circuit in *United States v. Lyckman*, 235 F.3d 234, 240 (5th Cir. 2000), held that "when the sexual act depicted is the physical penetration of a young child by an adult male, . . . [s]uch conduct is . . . sufficiently likely to cause pain and injury so as to qualify as 'sadistic' or 'violent' for purposes of the guideline [§ 2G2.2(b)(3)]." We approved of a similar definition in *United States v. Turchen*, 187 F.3d 735, 740 (7th Cir. 1999) *quoting United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996), in which we agreed with the Second Circuit that sadistic conduct includes conduct "quite likely to cause pain in one so young."

In this case, the age of the girl was between 5 and 8, and the district court properly held that vaginal intercourse would have been painful. In fact, the district court made findings further supporting that holding, stating that in the video there appeared to be some difficulty in the adult actually inserting the penis into the vagina because of the size disparity. That disparity was even noted in the description of the video given to Myers, which stated "[i]t is amazing how much of his big [penis] is able to fit in the eight year olds' [vagina]." There is no doubt that the videotape here portrayed conduct that would have caused pain to the child, and therefore the district court properly held that the video portrayed "sadistic conduct" or "other depictions of violence."

Myers contends, however, that even if that definition is met, the enhancement is nevertheless improper because it impermissibly double-counts conduct already taken into account in the base level offense (for depictions of sexual conduct with a minor) and the two-level enhancement

under § 2G2.2(b)(1) (for the involvement of prepubescent children). This argument is meritless. To be guilty of the base offense, Myers must knowingly receive materials depicting a child engaged in "sexually explicit conduct." 18 U.S.C. § 2252. Such conduct includes "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2). Therefore, photos of a minor alone could violate the statute. If that child is prepubescent, the two-level enhancement under § 2G2.2(b)(1) is appropriate, as is the case here, but neither the base offense conduct nor the prepubescent status of the minor would implicate the four-level enhancement under § 2G2.2(b)(3). It is the conduct taken with respect to that prepubescent child that justifies that four-level enhancement. In this case, the videotape had the added element of depicting an act that would have caused pain to the prepubescent child. Accordingly, the conduct for which the four-level enhancement was applied is distinct from that which formed the base offense and which supported the two-level enhancement, and therefore Myers' claim of impermissible double-counting must fail. The decision of the district court is affirmed.


A true Copy:

      Teste:


_____
***Clerk of the United States Court of
Appeals for the Seventh Circuit***