UNITED STATES of America,
Plaintiff–Appellee,

v.

Greggory L. YOUNGREN,
Defendant–Appellant.

No. 03–2024.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 11, 2004.*

Decided Feb. 18, 2004.

John K. Mehochko, Office of the United States Attorney, Rock Island, IL, for Plaintiff–Appellee.

Michael J. Galvin, Galvin & Galvin, Rock Island, IL, for Defendant–Appellant.

---

* After an examination of the briefs and the record, we conclude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App.P. 34(a)(2).

Before CUDAHY, POSNER, and ROVNER, Circuit Judges.

### ORDER

Greggory L. Youngren pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. §§ 2252(a)(2). He was sentenced under the guideline for receipt of child pornography rather than the more lenient guideline for possession of child pornography. *See* USSG §§ 2G2.2 (receipt); 2G2.4 (possession). The 63–month term of imprisonment he received was the maximum available under his guideline range. He complains that because possession cannot happen without receipt, the guidelines punish the same conduct differently, violating his rights to substantive due process and to equal protection.

Subsequent to briefing in this case, this Court rejected the argument that the two guidelines cover the same conduct. *See United States v. Myers*, 355 F.3d 1040 (7th Cir.2004). We explained in *Myers* that Congress rationally can draw a distinction between receipt and possession of child pornography because each involves a different level of harm to children. *Id.* at 1041–42. This case presents precisely the same due process argument rejected in *Myers*, and therefore the decision in that case controls here.

*Myers* similarly forecloses Youngren's equal protection argument, as we found there that the guideline scheme has a rational basis, and the classification made here is only subject to rational basis review. *See Heller v. Doe*, 509 U.S. 312, 319–20, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993) ("a classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity").

AFFIRMED