# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-3404

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

v.

DAVID MALIK,

*Defendant-Appellee.*

———————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 02 CR 972—**Milton I. Shadur**, *Judge*.

———————

ARGUED SEPTEMBER 9, 2004—DECIDED SEPTEMBER 22, 2004

———————

Before EASTERBROOK, EVANS, and SYKES, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. An indictment charged David Malik with receipt of child pornography, which violates 18 U.S.C. §2252A(a)(2)(A), and possession of child pornography, which violates 18 U.S.C. §2252A(a)(5)(B). He pleaded guilty to both charges. Receipt is the more serious of the two offenses under the Sentencing Guidelines. Compare U.S.S.G. §2G2.2, the provision covering receipt, with U.S.S.G. §2G2.4, which covers possession.

When multiple counts are grouped for sentencing, U.S.S.G. §3D1.3(a) requires the court to use whichever guideline

yields the higher offense level. That is §2G2.2, which specifies a base offense two levels above §2G2.4. The district court nonetheless decided to sentence Malik under §2G2.4. The judge wrote that the possession guideline is more appropriate because persons who possess something must have received it, and those who receive something necessarily possess it. Thus the judge saw these offenses as coterminous (unless the defendant engages in distribution, which Malik did not) and concluded that a higher sentence could not be justified for aspects of the receipt crime necessarily entailed in the possession crime. 282 F. Supp. 2d 833 (N.D. Ill. 2003). Although the prosecutor contended that there were ways to commit the possession offense without also committing the receipt offense—for example, one could create an image or find it in the trash, and in either event come to possess it without receiving it—the district judge deemed these possibilities incompatible with the statute's legislative history. The court then imposed a sentence of 30 months' imprisonment. Had the court used §2G2.2, the range would have been 37 to 46 months. The United States has appealed, arguing that Malik must be sentenced within the higher range.

According to Malik, we lack jurisdiction to entertain this contention. This is so, he contends, because the district judge effectively revoked his acceptance of the guilty plea to the receipt count and imposed sentence only on the possession count (which on the district court's view is a lesser included offense of receipt). That leaves the case without a final decision and precludes appeal, Malik insists. Yet the judgment states that Malik is guilty on both counts, and in a supplemental memorandum the district judge cleared up any ambiguity by stating directly that Malik has been convicted on both counts as charged. The judge's ruling concerns the choice among sentencing guidelines, not the validity of the convictions. If, as Malik believes, the judge had rejected his guilty plea to the receipt count, then either

a trial or an order dismissing that count should have followed. Neither step occurred or is in prospect, however; the district court is finished with this case, so an appeal lies under 18 U.S.C. §3742(b)(2). Finally, if the judge had indeed effectively dismissed all or part of the receipt charge, then appellate jurisdiction would be conferred by the Criminal Appeals Act, which permits the United States to take interlocutory appeals from full or partial dismissals. 18 U.S.C. §3731 ¶1.

The district court's premise is that, when multiple statutes apply to the same criminal conduct, sentence should be based on whichever yields the lowest offense level. That contradicts §3D1.3(a), which directs the court to use the highest applicable offense level. It is common for one course of conduct to violate multiple statutes and yield multiple convictions; it is common, too, for either the statutes or the guidelines implementing them to supply different sentencing ranges. When the same acts violate multiple laws, the prosecutor is free to choose the one with the highest sentence. See *United States v. Batchelder*, 442 U.S. 114 (1979). When the offenses overlap so completely that the charges are multiplicitous—as, for example, when an indictment charges one person with robbing a bank and possessing the loot, see *United States v. Gaddis*, 424 U.S. 544 (1976)—the court vacates the less serious of the convictions, not the more serious one. Just so with sentencing. When one course of conduct violates multiple statutes, and the resulting convictions are grouped under U.S.S.G. §3D1.2 for sentencing, the court must use the guideline for the most serious of the offenses.

What is more, a decision of this court rendered after the district court's disposition rejects the premise that the receipt and possession offenses are substantially the same. *United States v. Myers*, 355 F.3d 1040 (7th Cir. 2004), holds that, because the receipt offense requires proof that the defendant knew that the persons depicted were minors, see *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994),

while the possession offense lacks that scienter require-
ment, it is entirely appropriate to use the receipt guideline
for conduct that violates both statutes. Although *Myers*
concerned 18 U.S.C. §2252 rather than 18 U.S.C. §2252A,
these statutes are materially identical, and Malik sensibly
concedes that *Myers* scuttles the district court's decision if
we have appellate jurisdiction.

In addition to selecting §2G2.4, the district judge stated
that he would depart downward to the range provided by
that guideline even if we should hold (as we have now done)
that §2G2.2 is the required starting point. Appellate review
of the decision whether any departure is justifiable is
plenary, see 18 U.S.C. §3742(e); *United States v. Mallon*,
345 F.3d 943 (7th Cir. 2003), and no departure is support-
able here. Courts may not use the departure mechanism to
undermine decisions consciously made by the Sentencing
Commission. Section 3D1.3(a), which requires use of the
higher guideline, is one such decision—and, as we held in
*Myers*, it is a sensible decision as applied to the possession
and receipt of child pornography.

Because Malik must be resentenced, the district court will
need to take account of *United States v. Booker*, 375 F.3d
508 (7th Cir. 2004), cert. granted, No. 04-104 (U.S. Aug. 2,
2004). Malik failed to make a *Booker*-like argument in the
district court, but he is free to develop this contention at a
new sentencing after *Booker*. Defendants may raise after a
remand new arguments based on statutes or opinions that
post-date the original sentencing and are not logically
foreclosed by the appellate decision. Compare *Moore v.
Anderson*, 222 F.3d 280 (7th Cir. 2000), with *United States
v. Pollard*, 56 F.3d 667 (7th Cir. 1995). Appellate mandates
may limit the issues that are open on remand, see *Pearson
v. Edgar*, 153 F.3d 397, 405 (7th Cir. 1998), but we impose no
such restrictions; Malik should be resentenced from scratch.
Forfeiture is significant only to the extent that, by not filing
a cross-appeal, Malik disabled himself from receiving a

sentence lower than 30 months. See *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473 (1999).

Little could be gained by resentencing Malik immediately, while legal uncertainty prevails and there is a substantial risk that whatever approach the district court adopts would be disapproved within a few months by the Supreme Court. The district court should defer resentencing Malik until after the Supreme Court has decided *Booker* and then proceed as appropriate in light of that decision.

VACATED AND REMANDED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*