NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 1, 2009
Decided May 12, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2633

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | 06 CR 50026-1 |
| THOMAS BEAULIEU, *Defendant-Appellant*. | Frederick J. Kapala, *Judge*. |

**O R D E R**

After a jury trial, Thomas Beaulieu was found guilty of knowingly receiving child pornography, *see* 18 U.S.C. § 2252A(a)(2)(A), and knowingly possessing child pornography, *see* § 2252A(a)(5)(B), and was sentenced to 262 months' imprisonment. Beaulieu filed a notice of appeal, but his appointed lawyer now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he is unable to discern a nonfrivolous issue to pursue. Counsel's supporting brief is facially adequate, and Beaulieu did not respond to our invitation under Circuit Rule 51(b) to comment on counsel's submission. We limit our

review to the potential issues identified in counsel's brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel considers only one potential argument on appeal—that the evidence presented at trial was insufficient for the jury to find that Beaulieu knowingly received child pornography. We would uphold Beaulieu's conviction unless we concluded, after reviewing the evidence in a light most favorable to the government, that a rational jury could not find beyond a reasonable doubt that Beaulieu received through interstate commerce materials that he knew, when he received them, depicted minors engaged in sexually explicit conduct. *See* 18 U.S.C. § 2252A(a)(2)(A); *United States v. Watzman*, 486 F.3d 1004, 1009 (7th Cir. 2007); *United States v. Jenkins*, 419 F.3d 614, 617 (7th Cir. 2005); *United States v. Myers*, 355 F.3d 1040, 1042-43 (7th Cir. 2004). We do not reweigh the evidence or the jury's credibility findings. *United States v. Woods*, 556 F.3d 616, 621 (7th Cir. 2009).

Counsel correctly concludes that there was more than enough evidence presented at trial to convict Beaulieu of knowingly receiving child pornography. Beaulieu did not dispute that he used the screen name motherbed@aol.com (motherbed) to order videos online from an undercover postal inspector who used the screen name vidman06@yahoo.com (vidman). Beaulieu also stipulated that he received the videos after they traveled in interstate commerce. Beaulieu disputed only that he knew at the time he received the videos that they contained child pornography—he testified that he thought he had purchased old Disney movies and family videos of vidman's daughter and friends. But the postal inspector's detailed record of the e-mail exchange between vidman and motherbed reflected an intent on Beaulieu's part that was far more pernicious: (1) motherbed responded to an offer for "real hot" and "real young" hardcore videos that vidman posted in a discussion group where child pornography was advertised, (2) motherbed asked whether vidman was a police officer, (3) motherbed agreed to the purchase after vidman sent to him a catalogue that graphically described 16 videos of children as young as seven-years old engaging in sexual activity, and (4) motherbed asked for additional videos of "twins . . . . 12 and under."

Beaulieu's actions following the purchase further confirmed his guilt. Beaulieu directed vidman to mail the videos to an alias at an address other than his apartment, disguised himself when he picked up the videos by donning a baseball cap with a fake ponytail attached to it, signed for the videos under a false name, and brought along a portable DVD player that enabled him to watch the videos immediately after he received them. Beaulieu also admitted that he possessed an extensive collection of child pornography, had previously attempted to purchase online child pornography from a different undercover inspector, and had indeed asked vidman for additional videos of twins 12 and under. Based on this evidence, a rational jury could infer that Beaulieu tried to

conceal his purchase of the videos because he knew when he ordered them from vidman that they contained child pornography.

Finally, although counsel did not raise any sentencing issues, we have examined the sentencing hearing and find no basis upon which the sentence could be challenged.  Thus counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.