In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2075

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

VINCENT J. TENUTO,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 CR 0484—**William J. Hibbler**, *Judge.*

ARGUED NOVEMBER 12, 2009—DECIDED FEBRUARY 3, 2010

Before CUDAHY, MANION, and WILLIAMS, *Circuit Judges.*

MANION, *Circuit Judge.* Vincent Tenuto pleaded guilty to transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1). At sentencing he unsuccessfully challenged two guideline enhancements for use of a computer and distribution of material that involved the sexual exploitation of a minor. On appeal he argues that the enhancements constitute double counting because the behavior they are based on was already

accounted for in his conviction. In this context, double counting occurs when the underlying offense itself necessarily includes the same conduct as the enhancements. Because Tenuto's conduct that gave rise to the enhancement went beyond what was needed to satisfy the statute he pleaded guilty to violating, no double counting occurred. We affirm.

## I.

Tenuto pleaded guilty to one count of knowingly transporting in interstate commerce an image of child pornography, namely by sending an email with the illicit image attached. This was not simply a one-time deal. When Tenuto was arrested, over 1200 images of child pornography were on his computer, including some that featured sadistic images of children. At sentencing, many enhancements applied to his conduct, and he agreed to all but two of them. He objected to a two-level enhancement for distribution and a two-level enhancement for using a computer to carry out his crime. Tenuto argued that the application of these enhancements constituted impermissible double counting; the district court overruled his objections, noting that based on the factual circumstances of Tenuto's case these enhancements were appropriate. With these enhancements, his guideline range was 151-188 months; without them his guideline range would have been 97-121 months. After consulting the factors under 18 U.S.C. § 3553, the district court sentenced Tenuto to 96 months' incarceration. He appeals the two enhancements.

## II.

We review de novo whether the district court impermissibly double counted Tenuto's conduct when it applied the two enhancements. *United States v. Haynes*, 582 F.3d 686, 708 (7th Cir. 2009). Tenuto's first argument is that the fact that he distributed child pornography is accounted for in his base offense level and that applying the distribution enhancement under U.S.S.G. § 2G2.2(b)(3)(F) to his guideline range punished him twice for that same conduct.

There are two forms of double counting and both are prohibited. The most common is when a district court calculates a defendant's offense level and applies "two or more upward adjustments . . . when both are premised on the same conduct." *Haynes*, 582 F.3d at 710 (quotation omitted). The other form of double counting, and the one at issue here, is when a district court relies on conduct that was necessary to satisfy an element of the defendant's conviction yet uses that same conduct to enhance the defendant's guideline range. *United States v. Calimlim*, 538 F.3d 706, 716 (7th Cir. 2008) ("The bar on double counting comes into play only if the offense itself *necessarily* includes the same conduct as the enhancement." (quotation omitted)). This second bar is rooted in the fact that the conduct that satisfied an element of the underlying offense is already part of the base offense level. Thus, if that same conduct also enhances the sentence, the defendant is being punished twice for the same act. *E.g., United States v. Podhorn*, 549 F.3d 552, 560 (7th Cir. 2008) (citing *United States v. Jackson*, 103 F.3d 561, 569 (7th Cir. 1996)).

In this case, that did not occur. Tenuto was convicted of transporting child pornography, a distinct offense from distributing child pornography. They are, in fact, separate crimes. *Compare* 18 U.S.C. § 2252A(a)(1) (proscribing transportation of child pornography), *with* 18 U.S.C. § 2252A(a)(2)(A)-(B) (proscribing receipt or distribution of child pornography). The two crimes are similar because a person who has distributed child pornography has likely transported it, and a person who transports it is likely to eventually distribute it. Although closely connected, they are still separate crimes. [1]

Tenuto's charged offense was satisfied by knowingly transporting by any means child pornography. Any subsequent distribution of the child pornography is immaterial in determining whether he can be convicted under § 2252A(a)(1). He simply needed to transport the child pornography. It was inconsequential whether he was transporting it for himself or for others. Either way, he violated the statute. *See United States v. McCaffery*, 437 F.3d 684, 689 (7th Cir. 2006); *cf. United States v. Olander*, 572 F.3d 764, 770 (9th Cir. 2009) (noting "receipt of child pornography, with or without an intent to distrib-

---

[1] By prosecuting (and obtaining a guilty plea) for transporting child pornography, Tenuto's distribution of the material remained available for the two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F). *See United States v. Malik*, 385 F.3d 758, 760 (7th Cir. 2004) ("When the same acts violate multiple laws, the prosecutor is free to choose the one with the highest sentence.").

ute, is a crime."). The fact that Tenuto also distributed the material that he transported is conduct separate and distinct from what is required to convict him of transporting under § 2252A(a)(1). Put another way, a conviction for transporting child pornography does not necessarily entail distribution or an intent to distribute. Accordingly, it is not double counting when in addition to transporting child pornography a defendant also receives an enhancement for distributing the material. Thus, the district court did not err in applying to Tenuto's offense conduct the enhancement under U.S.S.G. § 2G2(b)(3)(F) for distribution of child pornography.

Tenuto's second argument poses a slightly different issue. The language of § 2252A makes it a crime to knowingly mail, transport, or ship "by any means, *including by computer*, any child pornography." 18 U.S.C. § 2252A(a)(1) (emphasis added). The Guidelines provide a two-level enhancement for a defendant who uses a computer to commit an offense involving the sexual exploitation of a minor. U.S.S.G. § 2G2.2(b)(6) ("If the offense involved the use of a computer . . . for the possession, transmission, receipt, or distribution of the material."). Tenuto makes two arguments for why application of this enhancement constitutes double counting. First, he contends that transporting, the offense he pleaded guilty to committing, included the element of using a computer. Second, he maintains that because the means he employed to transport the pornography was by a computer, enhancing his sentence for using a computer constituted double counting.

Tenuto's arguments misapprehend the nature of double counting. Tenuto transported child pornography through interstate commerce—that was his offense. To violate the statute, it was not *necessary* that he use a computer. *Calimlim*, 538 F.3d at 715. He could have chosen to mail or fax the material; he could have carried it on a train or simply walked it across state lines. It would not matter for purposes of violating § 2252A(a)(1): the statute broadly proscribes transportation of child pornography by using the phrase "any means" affecting interstate commerce. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (noting that "affecting commerce" is a "[term] of art that ordinarily signal[s] the broadest permissible exercise of Congress' Commerce Clause power."); *cf. United States v. Ye*, 588 F.3d 411, 415 (7th Cir. 2009) (noting the use of "any means" language places no limit on the conduct that can satisfy the statute).

The fact that the statute goes on to specifically articulate one of those means, "by use of a computer," does not mean that use of a computer is an element of the crime. At trial, the government must prove that the offense was committed "knowingly." It must prove that the offensive material was "child pornography," as that term is defined in § 2256(8). And it must prove that the material was mailed, transported, or shipped "using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce." 18 U.S.C. § 2252A(a)(1). The fact that the statute specifically articulates one of those means, "by use of a computer," does not mean that the use of a computer is an element of the crime.

Using a computer is not an element of the offense, it is just one of many ways that a defendant can satisfy the third element. Indeed, it is not necessary for a violation of the statute that a defendant use a computer to transport the material; it is merely a sufficient method (and likely the most efficient method). Because a defendant need not use a computer to violate the statute, the fact that Tenuto used a computer becomes one of the offense characteristics that apply to his conduct. U.S.S.G. § 1B1.3(a)(1) (a defendant's relevant conduct includes all acts that "occurred during the commission of the offense of conviction."). Thus, it does not constitute double counting to use that fact to enhance his guidelines.

Here, it is undisputed that Tenuto used a computer in the commission of his offense: he possessed the material through use of a computer; he transmitted it through use of a computer; he distributed it through use of a computer. *Id.* § 2G2.2(b)(6) (the enhancement applies "[i]f the offense involved the use of a computer . . . for the possession, transmission, receipt, or distribution of the material"). The computer enhancement provided a complete overlay to his "offense conduct." *Id.* § 1B1.3(a)(1)(A). Therefore, the district court properly applied the enhancement for use of a computer under U.S.S.G. § 2G2.2(b)(6) to Tenuto's guideline range.

III.

The district court did not engage in "double counting" when it applied the two enhancements to Tenuto's guide-

line range. The enhancement for distributing material that involved the sexual exploitation of a minor was not based on the same factual predicate as the offense of transporting child pornography under § 2252A(a)(1), to which Tenuto pleaded guilty. And the use of a computer is not an element of § 2252A(a)(1). Thus, the application of the enhancements to Tenuto's offense level was appropriate. We AFFIRM.