[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2011
JOHN LEY
CLERK

No. 11-10625
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00039-SPM-GRJ-1


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

STEPHEN TODD NELSON,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 5, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Stephen Todd Nelson appeals his total 240-month sentence after pleading guilty to one count of receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).  On appeal, Nelson argues that: (1)  the district court improperly applied a two-level enhancement under U.S.S.G. § 2G2.2(b)(3)(F) for distribution of child pornography, and erred in refusing to apply a two-level reduction under U.S.S.G. § 2G2.2(b)(1); and (2) because § 2G2.2(b)(3)(F) requires an affirmative act of distribution accompanied by intent to distribute, applying § 2G2.2(b)(3)(F) in conjunction with U.S.S.G. § 2G2.2(b)(6) constitutes impermissible double counting.  After thorough review, we affirm.

We review the district court's application and legal interpretations of the Guidelines, including rejection of double counting challenges, de novo, and the district court's factual determinations for clear error.  United States v. Zaldivar, 615 F.3d 1346, 1350 (11th Cir. 2010), cert. denied, 131 S. Ct. 959 (2011); United States v. Dudley, 463 F.3d 1221, 1226 (11th Cir. 2006) (double counting).  Arguments not raised in the district court, however, are reviewed for plain error.  See Fed.R.Crim.P. 52(b); United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005).  To establish plain error, the appellant must show: (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  United States v. McNair, 605 F.3d 1152, 1222

2

(11th Cir. 2010), cert. denied, 131 S.Ct. 1600 (2011). "Before an error is subject to correction under the plain error rule, it must be plain under controlling precedent . . . ." United States v. Lett, 483 F.3d 782, 790 (11th Cir. 2007).

"[F]actual findings used to support a sentencing enhancement must be based on reliable and specific evidence and cannot be based on speculation." United States v. Newman, 614 F.3d 1232, 1238 (11th Cir. 2010). The government bears the burden of proving the applicability of a Guidelines enhancement, while the defendant bears the burden of proving the applicability of a Guidelines reduction. United States v. Belfast, 611 F.3d 783, 823 (11th Cir. 2010), cert. denied, 131 S.Ct. 1511 (2011); Zaldivar, 615 F.3d at 1352.

The Supreme Court has said that "[s]olemn declarations in open court carry a strong presumption of verity," and accordingly there is a strong presumption that statements made during a plea colloquy are true. Blackledge v. Allison, 431 U.S. 63, 74 (1977). Findings of fact by a sentencing court may be based on, among other things, "facts admitted by a defendant's plea of guilty . . . ." United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989); see also United States v. Smith, 480 F.3d 1277, 1281 (11th Cir. 2007) ("when a defendant fails to object to a fact contained in the . . . government proffer at the plea colloquy, the defendant is deemed to have admitted the fact, which may then be used to enhance the sentence").

The guideline for child pornography offenses calls for a two-level sentencing enhancement if the defendant used a computer. U.S.S.G. § 2G2.2(b)(6). It provides for another two-level increase if the defendant distributed child pornography. U.S.S.G. § 2G2.2(b)(3)(F). The application notes define "distribution" as:

> any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor. Accordingly, distribution includes posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant.

U.S.S.G. § 2G2.2, comment. (n.1). Conversely, § 2G2.2(b)(1) provides for a two-level reduction if the defendant only solicited, or sought to receive, child pornography. U.S.S.G. § 2G2.2(b)(1). As noted above, only the latter two provisions -- defining distribution and mere solicitation or receipt -- are directly at issue here.

Impermissible double counting occurs "only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." Dudley, 463 F.3d at 1226-27 (emphasis added). We "presume that the Sentencing Commission intended separate guidelines sections to apply cumulatively, unless specifically directed otherwise." Id. at 1227 (quotation omitted).

4

First, Nelson's challenge to the two-level distribution enhancement is factually and legally unsupported. Here, the district court specifically found that "[b]y doing nothing to protect the images and allowing them to remain in a shared folder, [Nelson] distributed the images within the meaning of Section 2G2.2(b)(3)(F)." This finding is supported by the record, which showed that Nelson admittedly used a file-sharing network to download child pornography, stored his files in a shared folder on the network, and allowed other users to access his files. Additionally, there was no evidence on the record that Nelson was not aware of how the sharing program functioned or of the distribution that resulted from its function. The district court's finding of distribution is further bolstered by Nelson's admittance of distribution at his plea colloquy. And, contrary to Nelson's limited characterization of his colloquy admission and challenge to the consideration thereof, the district court was entitled to consider that in resolving his later objection to the distribution enhancement, and it was consistent with other information in the record demonstrating distribution.

The plain language of § 2G2.2(b)(3)(F) and the commentary interpreting it also support the distribution enhancement. Specifically, the application notes show that posting files on an internet site for public viewing warrants an enhancement, and information from the officer's investigation suggested that Nelson did that by loading, and using, the two programs mentioned above. Moreover, while we have not

5

interpreted, in a published opinion, the scope of § 2G2.2(b)(3)(F) as applied to a defendant who used a peer-to-peer file-sharing network, the Fourth and Seventh Circuits have affirmed application of the two-level enhancement where the defendant used a peer-to-peer file-sharing network to download child pornography. See United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009) (holding that use of a peer-to-peer file-sharing program constitutes distribution for the purposes of U.S.S.G. § 2G2.2(b)(3)(F)); United States v. Carani, 492 F.3d 867, 875-76 (7th Cir. 2007) (affirming application of enhancement where defendant made child pornography files available through file-sharing program and knew other users were downloading the files); cf. United States v. Shaffer, 472 F.3d 1219, 1223-24 (10th Cir. 2007) (holding that there was sufficient evidence of distribution pursuant to 18 U.S.C. § 2252A where the defendant freely allowed other users of a file-sharing network to access his files and "understood that file sharing was the very purpose" of the network). The Eighth Circuit has held more expansively that because the purpose of a file-sharing program is distribution, "[a]bsent concrete evidence of ignorance -- evidence that is needed because ignorance is entirely counterintuitive -- a fact-finder may reasonably infer that the defendant knowingly employed a file sharing program for its intended purpose." United States v. Dodd, 598 F.3d 449, 452 (8th Cir.) (emphasis omitted), cert. denied, 130 S.Ct. 3533 (2010).

6

In sum, the distribution finding was factually supported and in accordance with the decisions of other circuit courts. Furthermore, because there was distribution, the offense was not limited to receipt or solicitation sufficient to warrant application of the § 2G2.2(b)(1) two-level reduction.

Nor are we persuaded by Nelson's claim that applying § 2G2.2(b)(3)(F) in conjunction with U.S.S.G. § 2G2.2(b)(6) constitutes impermissible double counting -- an argument we review for plain error since he did not mention double counting before the district court, either independently or in support of his distribution enhancement. We recognize that we have not decided, in a published opinion, whether application of § 2G2.2(b)(3)(F) and § 2G2.2(b)(6) together constitutes impermissible double counting. Nevertheless, guideline sections are presumed to apply cumulatively where, as here, there is no contrary direction found in the guidelines. Moreover, other circuit courts have rejected other "double counting" challenges, particularly where, as here, multiple images or multiple computers are seized. See United States v. McNerney, 636 F.3d 772, 775, 780 (6th Cir. 2011) (double counting challenge to consideration of multiple, but identical, images rejected); United States v. Tenuto, 593 F.3d 695, 697 (7th Cir.), cert. denied, 130 S.Ct. 3427 (2010) (concluding that lower court did not rely on conduct that was necessary to satisfy an element of the defendant's conviction for transporting child

pornography, and use the same conduct to enhance the defendant's guideline range for distribution).  Thus, because an error cannot be plain unless binding precedent from this Court or the Supreme Court establishes that proposition, there was no plain error in the decision to enhance his offense level under both provisions.[1]  Accordingly, we affirm.

**AFFIRMED.**

---

[1] Because we find that Nelson's double counting challenge did not constitute plain error, we need to address the government's argument that this challenge is waived.