# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-2677

_____

United States of America

*Plaintiff - Appellee*

v.

Donald A. Harvey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: April 15, 2016
Filed: July 13, 2016

_____

Before GRUENDER, BRIGHT, and KELLY, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Donald Harvey appeals his convictions and his sentence for receipt of child pornography and possession of child pornography. Harvey argues the district court abused its discretion when it denied his motion to withdraw his nolo contendere plea, that his sentence was substantively unreasonable, and that his two convictions violate the Double Jeopardy Clause.

The district court did not abuse its discretion when it denied Harvey's motion to withdraw his plea. But Harvey's two convictions violate the Double Jeopardy Clause because they arise out of the same act or transaction. We affirm in part, reverse in part, and remand with instructions for the district court to vacate one of Harvey's convictions and resentence Harvey.

## I. BACKGROUND

In early 2014, Omaha Police arrested and detained Harvey on a charge unrelated to this case and seized his Toshiba laptop. From jail, Harvey asked his friend Rinat Chase to pick up his laptop from the Omaha Police Department and check the laptop to make sure his personal documents and photos were still on the laptop. Chase picked up the laptop, but she was unable to log on to the laptop using the passwords Harvey gave her.

Chase took the laptop to a computer repair store. An employee at the store advised Chase the laptop would be expensive to repair, but the store could transfer the information from the laptop's hard drive to another device. Chase brought her own external hard drive to the store for the transfer. A few days later, Chase picked up her external hard drive, looked through its contents, and discovered what she believed was child pornography.

On May 21, 2014, a judge released Harvey on bond in the unrelated case and ordered him to report to the Salvation Army Adult Rehabilitation Facility. Chase picked him up from the jail and the next day drove him to the Salvation Army. Before she dropped him at the Salvation Army, Chase helped Harvey run some errands, and she bought him a new cell phone. Harvey was continuously on the cell phone until Chase dropped him off. Later, Chase brought Harvey's laptop to him at the Salvation Army and picked up the cell phone she purchased Harvey. Chase looked through Harvey's internet browsing history on the phone and clicked on a

link, which took her to a website containing videos of prepubescent males and females engaged in sexual acts.

On July 7, 2014, Chase reported to the Bellevue Police Department that she discovered child pornography on Harvey's computer and that Harvey had viewed child pornography on the cell phone she purchased for him. The next day, Bellevue Police obtained and executed search warrants for the cell phone and Chase's external hard drive, which still contained the files the computer repair store transferred from Harvey's laptop. In the search, police found child pornography on the external hard drive.

Police also went to the Salvation Army to seize Harvey's laptop, but the laptop was in pieces and the hard drive was missing. A week later, however, an employee at the Salvation Army was cleaning a bookshelf in a common area when he found the Toshiba hard drive from Harvey's laptop hidden behind some books. The Salvation Army gave the hard drive to the Omaha Police Department, which in turn gave it to the Bellevue Police Department.

Bellevue Police obtained a search warrant and searched the hard drive. In the search, police discovered 36 videos of child pornography with creation dates ranging from November 2012 through May 2013.

On September 15, 2014, a grand jury charged Harvey in a two-count indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). While the indictment charged that Harvey received the child pornography from November 2012 through May 2013, and that he possessed the child pornography on July 8, 2014, the basis for both counts was the child pornography police found when they searched the Toshiba hard drive from Harvey's laptop, as the government explained

in the factual basis at Harvey's plea hearing. (District Court Docket No. 46, Tr. of Plea Hrg., pp. 15-16).

On Friday, April 10, 2015, Harvey pled nolo contendere to both counts. At the plea hearing, the district court explained Harvey's rights, including the right to use the court's subpoena power to compel the attendance of witnesses or the production of documents for trial. Harvey indicated he understood his rights, and he voluntarily waived these rights, admitted the factual basis, and pled nolo contendere to the charges.

The following Monday, Harvey filed a pro se motion to withdraw his plea. Harvey moved to withdraw his plea for five reasons: (1) he was innocent; (2) the government manufactured evidence; (3) he did not know he could use the subpoena power to compel a witness on his behalf; (4) the government admitted it could alter the file download dates; and (5) he wanted to examine evidence, cross-examine witnesses, and use the court's subpoena power.

The district court held a hearing on Harvey's motion. At the hearing, the district court questioned Harvey at length on what new evidence he discovered that led him to file his motion to withdraw his nolo contendere plea. Following the hearing, the district court issued an order denying Harvey's motion to withdraw his plea.

At sentencing, the district court calculated a guideline range of 135 to 168 months' imprisonment on Count One, and 120 months' imprisonment (the statutory maximum) on Count Two. The district court varied downward and sentenced Harvey to 74 months' imprisonment on each count, to run concurrently. Harvey timely appealed.

## II. ANALYSIS

Harvey argues that the district court abused its discretion when it denied his motion to withdraw his nolo contendere plea and that his sentence was substantively unreasonable. Prior to oral argument, this Court also ordered counsel to be prepared to discuss whether Harvey's convictions for receipt of child pornography and possession of child pornography violated the Double Jeopardy Clause, and whether this issue was properly before the Court on appeal.

### A.      Motion to Withdraw Nolo Contendere Plea

Harvey argues the district court erred when it denied his motion to withdraw his nolo contendere plea. We review the denial of a motion to withdraw a nolo contendere plea for an abuse of discretion. United States v. Van Doren, 800 F.3d 998, 1001 (8th Cir. 2015).

After the court accepts a plea, the defendant may withdraw his plea if he can show a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). "While the standard is liberal, the defendant has no automatic right to withdraw a plea." Van Doren, 800 F.3d at 1001 (quoting United States v. Heid, 651 F.3d 850, 853 (8th Cir. 2011)). "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." United States v. Alvarado, 615 F.3d 916, 920 (8th Cir. 2010) (quoting United States v. Morrison, 967 F.2d 264, 267-68 (8th Cir. 1992)) (alteration in original).

In his pro se motion to withdraw his plea, Harvey asserted his innocence of the crime, claimed the government manufactured evidence, and indicated he was unaware he could subpoena a witness on his behalf. The district court held a hearing on Harvey's motion. At the hearing, the district court noted that Harvey's claims of innocence were based on information he had before he pled nolo contendere, and he

had not addressed his concerns at the change of plea hearing just days before he filed his motion to withdraw the plea. The district court also noted that at the change of plea hearing Harvey indicated that he understood the elements of the crime. Following the hearing on Harvey's motion to withdraw his plea, the district court, without explanation, denied the motion.

This decision was not an abuse of discretion. First, while Harvey asserts his innocence of the charges, "[a]n assertion of innocence – even a swift change of heart after the plea – does not constitute a fair and just reason to grant withdrawal." United States v. Johnson, 512 Fed. App'x 648, 656 (8th Cir. 2013) (quoting Alvarado, 615 F.3d at 922). Indeed, a district court does not need to consider a defendant's assertions of innocence if the defendant does not demonstrate fair and just grounds to withdraw the plea. United States v. Norvell, 729 F.3d 788, 793 (8th Cir. 2013). Therefore, Harvey's claims of innocence alone do not demonstrate a fair and just reason to allow him to withdraw his plea, particularly when these claims were based on information available to Harvey before he pled nolo contendere.

Second, the transcript from the change of plea hearing belies Harvey's claims that he did not know he could use the court's subpoena power to compel witnesses on his behalf. Harvey admitted both in his petition to enter a plea of nolo contendere and at his change of plea hearing that he understood he could use the court's subpoena power. His conclusory assertions that he did not understand this right only days after he indicated the contrary ring hollow and do not supply a fair and just reason to withdraw the plea. United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000).

Finally, the district court properly rejected Harvey's unsubstantiated, conclusory claims that the government fabricated evidence. A district court does not abuse its discretion where it does not allow a defendant to withdraw his plea based on inherently unreliable allegations unsupported by specific facts. See United States

-6-

v. Haubrich, 744 F.3d 554, 557 n.2 (8th Cir. 2014).  Here, Harvey pointed to no specific facts to support his allegation that the government manufactured evidence by changing the creation dates of the child pornography on his laptop.  The district court did not abuse its discretion when it denied Harvey's motion to withdraw his plea on this basis.

## B.  Double Jeopardy Clause

The Double Jeopardy Clause prohibits the imposition of "multiple punishments for the same criminal offense."  United States v. Hill, 750 F.3d 982, 987 (8th Cir. 2014) (quoting United States v. Bennett, 44 F.3d 1364, 1368 (8th Cir. 1995)).  "If 'the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'"  United States v. Muhlenbruch, 634 F.3d 987, 1002-03 (8th Cir. 2011) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)).

In Muhlenbruch, this Court held that a defendant's convictions for receipt of child pornography under 18 U.S.C. § 2252(a)(2) and possession of child pornography under 18 U.S.C. § 2252(a)(4)(B) violate the Double Jeopardy Clause when based on the same act or transaction because possession under § 2252(a)(4)(B) is a lesser-included offense of receipt under § 2252(a)(2).  634 F.3d at 1003-04.  While Harvey pled nolo contendere to receipt and possession under two different statutes – receipt under 18 U.S.C. § 2252A(a)(2) and possession under 18 U.S.C. § 2252(a)(4)(B) – receipt under § 2252A(a)(2) is likely identical to receipt under § 2252(a)(2), and therefore Muhlenbruch is instructive.  See United States v. Miller, 527 F.3d 54, 64 n.10 (3d Cir. 2008) ("The jurisprudence concerning the receipt and possession provisions of 18 U.S.C. § 2252 and the comparable provisions of 18 U.S.C. § 2252A often converges.  Section 2252(a)(2) prohibits the receipt of material 'transported [in interstate or foreign commerce] by any means including by computer' that depicts 'a

minor engaging in sexually explicit conduct,' and § 2252(a)(4)(B) prohibits the possession of such material.  These statutory provisions have been characterized as 'materially identical' to § 2252A(a)(2) and § 2252A(5)(B), which, respectively, prohibit the receipt and possession of child pornography.") (quoting United States v. Malik, 385 F.3d 758, 760 (7th Cir. 2004)).

At oral argument, the United States conceded[1] that both of Harvey's convictions are based on the same act or transaction – the child pornography he downloaded on the Toshiba hard drive from his laptop – and therefore his convictions violate the Double Jeopardy Clause.  Thus, we reverse and remand to the district court "to exercise its discretion to vacate one of the underlying convictions" and to resentence Harvey.  Ball v. United States, 470 U.S. 856, 864 (1985).[2]

## III.  CONCLUSION

We affirm in part, reverse in part, and remand with instructions for the district court to vacate one of Harvey's convictions and resentence Harvey.  In light of the remand for resentencing, we do not address whether Harvey's sentence was substantively unreasonable.[3]

---

[1]Our decision rests on the government's concession.  The Court compliments counsel for both parties on their presentation of the Double Jeopardy Clause issue at oral argument and thanks counsel for the United States for its candor in conceding that Harvey's convictions violated the Double Jeopardy Clause.

[2]Whether to reduce Harvey's sentence in light of the double-jeopardy violation is a matter, at this time, properly addressed by the district court on remand.

[3]Harvey's numerous pro se motions are denied.  To the extent these motions raise claims and theories Harvey might raise in a post-conviction proceeding, the denial is without prejudice.

GRUENDER, Circuit Judge, concurring.

I join the majority in rejecting Harvey's challenge to the district court's decision on his motion to withdraw his plea. In light of the Government's concession, I also join the decision to remand this case to the district court with instructions to vacate one of Harvey's convictions. However, because the district court imposed the same sentence on each child-pornography count and determined that the sentences would run concurrently, I would not disturb Harvey's 74-month sentence. Instead, I would instruct the district court only to vacate one count of conviction and its associated $100 special assessment. *See United States v. Grimes*, 702 F.3d 460, 469 (8th Cir. 2012) (finding a double jeopardy violation but concluding that resentencing was unnecessary because the district court had imposed concurrent sentences for the five vacated convictions and one affirmed conviction).

_____