# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1370

_____

United States of America

*Plaintiff - Appellee*

v.

Donald A. Harvey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: January 8, 2018
Filed: May 30, 2018

_____

Before LOKEN, BEAM, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

A grand jury charged Donald Harvey with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count I), and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count II). The factual basis for both counts was child pornography found when police searched the Toshiba hard drive from Harvey's laptop computer. Before trial, Harvey pleaded nolo contendere, admitting a factual basis for both counts. Harvey moved to withdraw his plea. The

district court[1] denied the motion after a hearing and subsequently imposed concurrent sentences of 74 months in prison on each count, varying downward from the advisory guidelines range of 135 to 168 months. Harvey timely appealed. We affirmed the denial of his motion to withdraw the plea. However, we concluded that both counts are based on the same act or transaction and therefore convictions on both violated the Double Jeopardy Clause; we remanded to the district court "to exercise its discretion to vacate one of the underlying convictions and to resentence Harvey." United States v. Harvey, 829 F.3d 586, 591 (8th Cir. 2016), quoting Ball v. United States, 470 U.S. 856, 864 (1985). On remand, the district court vacated Count II, the lesser-included possession count, and again imposed a 74-month sentence. Harvey appeals, arguing a number of sentencing issues initially raised during the resentencing proceedings. We affirm.

Because the resentencing issues involve the nature of Harvey's offense, we begin with background facts stated in our prior opinion, Harvey, 829 F.3d at 588:

"In early 2014, Omaha Police arrested and detained Harvey on a charge unrelated to this case and seized his Toshiba laptop. From jail, Harvey asked his friend Rinat Chase to pick up his laptop from the Omaha Police Department and check the laptop to make sure his personal documents and photos were still on the laptop. Chase picked up the laptop, but she was unable to log on to the laptop using the passwords Harvey gave her.

"Chase took the laptop to a computer repair store. An employee at the store advised Chase the laptop would be expensive to repair, but the store could transfer the information from the laptop's hard drive to another device. Chase brought her own external hard drive to the store for the transfer. A few days later, Chase picked

---

[1] The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

up her external hard drive, looked through its contents, and discovered what she believed was child pornography.

"On May 21, 2014, a judge released Harvey on bond in the unrelated case and ordered him to report to the Salvation Army Adult Rehabilitation Facility. Chase picked him up from the jail and the next day drove him to the Salvation Army. Before she dropped him at the Salvation Army, Chase helped Harvey run some errands, and she bought him a new cell phone. Harvey was continuously on the cell phone until Chase dropped him off. Later, Chase brought Harvey's laptop to him at the Salvation Army and picked up the cell phone she purchased Harvey. Chase looked through Harvey's internet browsing history on the phone and clicked on a link, which took her to a website containing videos of prepubescent males and females engaged in sexual acts.

"On July 7, 2014, Chase reported to the Bellevue Police Department that she discovered child pornography on Harvey's computer and that Harvey had viewed child pornography on the cell phone she purchased for him. The next day, Bellevue Police obtained and executed search warrants for the cell phone and Chase's external hard drive, which still contained the files the computer repair store transferred from Harvey's laptop. In the search, police found child pornography on the external hard drive.

"Police also went to the Salvation Army to seize Harvey's laptop, but the laptop was in pieces and the hard drive was missing. A week later, however, an employee at the Salvation Army was cleaning a bookshelf in a common area when he found the Toshiba hard drive from Harvey's laptop hidden behind some books. The Salvation Army gave the hard drive to the Omaha Police Department, which in turn gave it to the Bellevue Police Department.

"Bellevue Police obtained a search warrant and searched the hard drive. In the search, police discovered 36 videos of child pornography with creation dates ranging from November 2012 through May 2013."

1. On appeal, Harvey first argues the district court abused its discretion when it (a) denied his request to issue subpoenas directing the District of Nebraska Probation Office to permit Harvey's "experts" at the University of Nebraska to examine presentence investigation reports (PSRs) "for all of the federal prosecutions for possession or receipt of child pornography within the District of Nebraska since the effective date of the PROTECT Act in 2005," and (b) refused his demand to take judicial notice of PSRs and other documents "in a variety of child pornography cases." Harvey argues this discovery was needed so that his experts could assess whether there are "marked discrepancies between the sentencing patterns for each of the Article III judges who have handled these cases" that would establish a pattern of unwarranted sentencing disparities violating 18 U.S.C. § 3553(a)(6).

In declining to revisit its rulings, the district court observed at resentencing that it would not allow "going in and studying [PSRs] and sentencings in other cases" because "every case is unique." That ruling is consistent with prior decisions of this court. We have declined to require that a district judge "must compare and contrast the defendant under consideration with a similar offender who has been sentenced by another federal judge." United States v. Barron, 557 F.3d 866, 869 (8th Cir. 2009). "The sentencing practices of one district court are not a reference point for other courts." United States v. Soliz, 857 F.3d 781, 783 (8th Cir. 2017). Thus, Harvey's reliance on § 3553(a)(6) to establish an abuse of discretion based on sentencing discrepancies between district judges "is misplaced." United States v. McElderry, 875 F.3d 863, 865 (8th Cir. 2017), cert. denied, No. 17-8348 (U.S. May 14, 2018).

Harvey's request to subpoena numerous PSRs in Probation Office files is contrary to the "longstanding judicial view that confidentiality should be maintained."

-4-

United States v. Shafer, 608 F.3d 1056, 1066 (8th Cir. 2010); see United States Dept. of Justice v. Julian, 486 U.S. 1, 12 (1988). "[I]nformation contained in a presentence report should not be disclosed to third parties unless lifting confidentiality is required to meet the ends of justice." United States v. Figurski, 545 F.2d 389, 391 (4th Cir. 1976). Here, Harvey's discovery motion stated that the issue he "seeks to explore is the lack of consistency in the granting of downward departures and variances among and between the judges in this District." As we have explained, discovery for that purpose was properly denied. Even in cases where defendants have raised the more relevant issue of sentencing disparity among co-defendants or those who shared common offense conduct, we have held that this "does not automatically create a 'special need' to release a PSR in order to allow disparity arguments under 18 U.S.C. § 3553(a)(6)." United States v. Williams, 624 F.3d 889, 895 (8th Cir. 2010). In these circumstances, the district court's decision that it would treat Harvey's sentence as "unique" meant the ends of justice did not require disclosure of these confidential documents to Harvey's attorney and his experts. There was no abuse of discretion.

2. Harvey next argues the district court abused its discretion on remand when it dismissed Count II, the lesser included possession offense, rather than the Count I receipt offense based on the same offense conduct, a decision that resulted in a higher base offense level. As the Fourth Circuit noted in affirming dismissal of the lesser-included child pornography possession offense in United States v. Brown, the great weight of authority holds that the proper remedy in this situation is to leave the conviction for the greater offense intact. 701 F.3d 120, 128 (4th Cir. 2012), and cases cited. Harvey complains the district court gave no explanation for its discretionary decision. We disagree. The court expressly recognized that our remand meant it "had to select one of the two counts," and noted it had reviewed the record and found Harvey guilty of the greater offense. The above-quoted facts from our prior opinion make clear that Harvey's offense included receiving child pornography on multiple devices and transferring child pornography videos between devices. There was no abuse of discretion in vacating the lesser-included possession offense.

3.  Harvey next argues the district court erred by applying "congressionally manufactured" child pornography guidelines that were not the product of Sentencing Commission investigation, experience, or expertise.  This contention, when addressed to an appellate court, is without merit.  "As we have stated repeatedly, even if a district court may disregard the child pornography sentencing guidelines on policy grounds, it is not required to do so. . . . [O]ur appellate role is limited to determining the substantive reasonableness of a specific sentence where the advisory guidelines range was determined in accordance with [U.S.S.G.] § 2G2.2."  United States v. Burns, 834 F.3d 887, 889 (8th Cir. 2016) (citations and quotations omitted).  Harvey does not argue that the district court procedurally erred in applying any specific enhancement, only that it should have ignored them all.

4.  Finally, Harvey argues the district court did not make sentencing findings sufficient to permit meaningful appellate review and imposed a substantively unreasonable sentence in granting a nearly 50% downward variance.  On this extensive sentencing record, these contentions are without merit.

The judgment of the district court is affirmed.

_____