# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 22-3496

———————————————

United States of America

*Plaintiff - Appellee*

v.

Kyle Taylor Tremblay

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Central

——————————

Submitted: October 16, 2023
Filed: December 28, 2023
[Unpublished]

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

Kyle T. Tremblay pled guilty to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). The district court[1] sentenced him to 360

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

months in prison and five years of supervised release. He appeals the sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Tremblay argues his sentence is substantively unreasonable. This court reviews for abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The district court abuses its discretion if it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id.* (cleaned up).

Tremblay contends the child pornography guidelines are "out of proportion with the realities of even run-of-the-mill child pornography offenses." At sentencing, he asked the district court to make a "policy exception to the guidelines" and to vary from them. The court refused. *See United States v. Harvey*, 890 F.3d 1130, 1133-34 (8th Cir. 2018) (noting district courts are not required to disregard the child pornography guidelines on policy grounds). The district court properly determined the guideline range. This court will not reverse simply because the district court refused to disregard the guidelines. *Id*. at 1134 ("Our appellate role is limited to determining the substantive reasonableness of a specific sentence where the advisory guidelines range was determined in accordance with U.S.S.G. § 2G2.2." (cleaned up)).

Tremblay asserts the district court ignored mitigating factors, including his age, history of abuse, and the unlikelihood to reoffend. "[S]ubstantive appellate review in sentencing cases is narrow and deferential." *Feemster*, 572 F.3d at 464. Sentencing courts have a "special competence" to make "defendant-specific determinations." *Id*. The district court "has substantial latitude to determine how much weight to give the various factors under § 3553(a)." *United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013). Mere disagreement with the weight the district court gave some factors does not justify reversal. *See United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010) ("The district court may give some

factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal.").

At sentencing, the district court considered "all of the factors under 3553(a)," emphasizing that Tremblay remains a "public safety problem." The district court expressly acknowledged the mitigating factors: "It is a difficult case only in respect to the fact that I recognize that you have come to this day through a pretty tough road yourself, but the Court has concluded under the circumstances of this case that a variance is not supported." Tremblay's within-guidelines sentence was not substantively unreasonable. *See United States v. Williams*, 913 F.3d 1115, 1116 (8th Cir. 2019) ("A within-Guidelines sentence is presumed reasonable.").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____